Sneed, J.,
delivered the opinion of the Court.
This is a petition presented to this Court by Joseph A. Mabry, complainant in the case of Joseph A. Mabry v. George W. Ross, et al., now pending in the Chancery Court at Knoxville, praying for a writ of supersedeas to be issued from this Court, superseding an interlocutory order in said cause, dissolving an injunction granted upon the prayer of his said original bill.
The petition alleges that on the 1st day of October, 1870, the petitioner, as President and Receiver of the *770 Knoxville and Kentucky Railroad Company, filed his original bill in the Chancery Court at Knoxville, against George "W. Ross, C. M. McGhee; Perez Dickinson, John Fouche, H. S. Chamberlain and E. J. Sandford, of Knox county, and E. C. Edwards, a citizen of Anderson county, charging, among other things, that under the charter of said company and the amendments thereto, no person but a bona fide stockholder in his own right, of at least five shares of stock, can be a Director of said company, except State Directors, and persons appointed by a county or corporation owning stock in said company; that, in accordance with the charter and by-laws of said company, and at the annual meeting of the Directors thereof, on the — day of March, 1870, the petitioner was duly elected President of said company for the next twelve months then ensuing, which office -he still holds, and claims the right to retain until the expiration of his said term; that in September, 1869, he was appointed Receiver of said railroad company, under the laws then in force, and gave bond, and was duly commissioned as such; and that under the present law he had been re-appointed and commissioned as said Receiver; and that, as such Receiver, the said corporation was largely indebted to him; that at a meeting of the company, on the 26th of September, 1870, the defendants were elected Directors thereof; and that said defendants, Geo. W. Ross and E. C. Edwards, not being the owners in their own right, of the requisite amount of stock, were elected in contravention of the laws governing said corporation, and that their election was void; that said defendants were about to hold a meeting for *771 the purpose of electing another President, and thus jeopardize the interests of the road, and place its management in unauthorized hands; that such an election would bring a cloud upon complainant’s right as President and Receiver, and if consummated would result in irreparable injury to the State, to the interests of the road, and to complainant.
The prayer of ■ the said bill was, among other things, that, at the hearing of the cause, said defendants, Ross and Edwards should be enjoined from acting as Directors of said road, under said void election, and that their election be declared null and void; that the defendants be enjoined from proceeding to elect a President, until the expiration of the petitioner’s said term of twelve months; and that they be enjoined from doing any act to disturb the complainant in the quiet enjoyment of his said office during his said term; that in the meantime, temporary injunction issue, restraining the defendants, as aforesaid, until the final hearing of the cause; that on the 1st of October, 1870, a preliminary fiat of injunction was granted by the Hon. E. T. Hall, Judge, &c., and, upon the execution of the required bonds, was issued and served; that on the 18th day of October, 1870, the defendants filed their joint answer to said bill, which answer was excepted to by complainant for insufficiency; and the said exceptions, four in number, were sustained by the Clerk and Master, and, on appeal to the Chancellor, three of said exceptions were sustained by him; that the defendants, thereupon, without having filed a sufficient answer, moved the Chancellor for a dissolution of said *772 injunction for want of equity on the face of the bill; that said suit is still pending in said Chancery Court, undetermined; and that defendants have filed no other answer than the -insufficient answer aforesaid; yet that the Chancellor, on the 31st of October, 1870, made an order dissolving said injunction upon the alleged ground of a want of equity on the face of the bill. The petition alleges that the action of the Chancellor rvas erroneous; first, because there is ample equity in said bill to entitle the petitioner to the aid of a Court of Chancery, and that there is no demurrrer to said bill; secondly, the defendants having put in an insufficient answer, were not in condition to move the Court for a dissolution, without having first cleared their contempt by filing a sufficient answer. The petition closes with the prayer that this Court grant the writ of supersedeas to vacate said interlocutory order dissolving the injunction until the hearing of the cause on its merits.
- In the view we have taken of this application, we do not feel called upon, to determine or to notice the various questions made in the argument touching the rights and equities of the parties on the merits of the cause. The simple inquiry for us is as to the power of this Court to grant the writ of supersedeas in this kind of case. Is the granting or dissolving an injunction like this, such an “interlocutory order or decree,” as is contemplated in the statute, to authorize the Court to interpose the writ of supersedeas? The Code provides that the Supreme Court in term, or either of the Judges in vacation, may grant writs of supersedeas to an interlocutory order or decree or exe *773 cution issued thereon, as in the case of final decree, and may require the party applying, to give bond, with good security, payable to the opposite party conditioned to pay the amount of the interlocutory order or decree, if so required upon final hearing; and further, to pay all costs and damages that the opposite party may sustain: 3933. The writ of supersedeas is technically a writ to suspend the execution of a judgment. There must be something in the course of execution, to suspend which the writ is awarded — something in fieri, but not yet finished. Its most common function is to stop the execution of a judgment at law, or a decree in equity, whether interlocutory or final, and whether for money or other property, or whether the said execution be for the performance of any other act under the mandate of the Court. There must be some affirmative act to be done, to prevent the doing of which, the writ is awarded. Its issuance imports that something is about to be doue which will be illegal and injurious to the party complaining, and the doing of that act is to be suspended until its justice and legality can be inquired of by the Court.
Is the ini erlocutory decree of the Chancery Court, in-this case, such an order or decree as is contemplated in the statute? Has this Court the power to interpose in such case, by the writ of supersedeas? The granting or dissolving of special injunctions is a matter of discretion with the courts of equity; “and courts of equity,” said Mr. Justice Story, “have constantly declined to lay down any rule which shall limit their power and discretion as to the particular cases in which injunctions *774 sliall be granted or withheld.” And he adds, “there is wisdom in this course, for it is impossible to foresee all the exigencies of society which may require their aid to protect rights or redress wrongs;” and hence he contends this jurisdiction should be fostered and upheld by a steady confidence. 2 Eq. Jur., 959.
The discretion of a Judge, it is true, is said to be the law of a tyrant — it is always unknown; it is different in different men; it is casual, and depends upon constitution, temper, taste and passion. Bouv. L. D., 428. And in reference to the discretion as to granting injunctions, it is said by Mr. Justice Baldwin, “there is no power the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, or is more dangerous in a doubtful case.” 2 Story Eq. Jur., § 959.
But, delicate and dangerous as is this jurisdiction in a court of equity, and injurious as its exercise may sometimes be, can this Court, under the authority conferred by the statute, award the writ of supersedeas, to thwart and defeat an interlocutory order granting a temporary injunction? Why not? Because the injunction is not an active, but a passive, thing. It is of itself, a super-sedeas. There is nothing in fieri to check or stop. The writ has its peculiar and appropriate office, and in such case, it would be powerless. And injurious and hurtful as the effect of such injunction may be, the parties must be left to litigate their rights to a final hearing, and to look to their remedies by appeal or writ of error.
This, then, is an application, not to supersede an injunction, but to supersede an interlocutory order by *775 which, an injunction is dissolved. In other words, it is an application to this Court to reinstate a temporary injunction, dissolved by an interlocutory decree. The granting or dissolving the injunction was matter of discretion, to be determined by the equities of the parties. By its dissolution, no act is commanded to be done; no execution, or other process, issues upon it. The parties are simply restored to their status quo, as they stood before the bill was filed.
The defendants in this case are required, upon the dissolution of the injunction, to execute a bond to indemnify the complainant against all loss and damage which may result from the wrongful dissolution thereof. He is, in any event, secured. The company for which he is receiver is secured. If he is unjustly deprived of his office, he can litigate his rights in another form of proceeding. If any affirmative action followed this, interlocutory order to make it effective, there would be something upon which the writ of supersedeas could operate. If any execution issued upon it, then the writ would be appropriate. We can scarcely misapprehend the intention of our law-givers upon this subject, when we take all they have said together.
The section above cited, 3933, authorizes this Court, in term, or any Judge of it, in vacation, to grant writs of supersedeas to an interlocutory order or decree, or execution issued thereon, as in case of final decree; and may require the party applying to give bond, with good security, payable to the opposite party, conditioned to pay the amount of the interlocutory order or decree, if so required, upon final hearing. And, by section 4513, it *776 is provided that they may grant a supersedeas to the execution of an interlocutory decree of an inferior court, in tbe cases provided for in section 3933. These two sections, when considered together, can mean nothing else than that the order to be superseded must be in execution, or involve some affirmative action. We are of opinion that this is not one of the cases contemplated by law, in which this Court can grant the writ prayed for.
The jurisdiction was exercised by this Court, under the peculiar facts of the case of Williams v. Boughner, 6 Cold., 486; but it nowhere appears, in that case that any question was made on the interpretation of these statutes,
The question came before this Court again, in the ease of the McMinnville and Manchester Railroad Company and Marbury v. Huggins, decided at the last term of this Court at Náshville, 7 Cold., 217. In that case it is held that this Court has not the jurisdiction, under the statutes, to set aside an interlocutory order granting a temporary injunction, or an order. dissolving such an injunction. The reasoning of Mr. Justice Andrews in .that case, is conclusive; and we may be permitted to commend' it as the leading case upon the interpretation of these statutes.
The application for a supersedeas is disallowed, and the petition dismissed.